STATE v. E. BRAUN.[1]

December 29, 1905.

Nos. 14,505—(28).

**Act Constitutional.**

      Chapter 346, p. 626, Laws 1905, is constitutional.    State v. Bates, supra,. page 110, followed.

**Intoxicating Liquor.**

      An indictment under that law, charging the solicitation of a contract for the sale of spirituous liquors for future delivery in a less quantity than five gallons without a license, committed by the defendant at a. time and place mentioned by soliciting a person named without a license, but not stating whether the crime was committed by defendant in his. own behalf or as an agent of another, sufficiently specifies a public offense.

Case certified, to review an order of the district court for Dakota county, Crosby, J., overruling a demurrer to an indictment charging defendant with the offense of soliciting the sale of spirituous liquor without a license.    Order affirmed and cause remanded for further proceedings.

*E. T. Young,* Attorney General, and *Wm. Hodgson,* County Attorney, for the state.

*W. H. Gillitt,* and *Morphy, Ewing & Bradford,* for defendant.

JAGGARD, J.

The defendant was indicted by the grand jury of Dakota county for an alleged violation of chapter 346, p. 626, Laws 1905. The court overruled the demurrer to that indictment. The questions of law thus. raised were certified to this court for determination.

1. The first question raised on this appeal concerned the constitutionality of that law. The objections raised were that the subject-matter is not expressed in the title and that the provisions of sections 1 and 2 were conflicting and irreconcilable. Since this appeal was taken these questions have been heard and determined, and the constitutionality of the law sustained, by this court in State v. Bates, supra, page 110.

[1] Reported in 105 N. W. 975.

2. The other point of law raised questions the sufficiency of the indictment. That indictment was, in the part here involved, as follows:

> E. Braun is accused by the grand jury of the county of Dakota and state of Minnesota by this indictment of the crime of soliciting a contract for the sale of spirituous liquors for future delivery in less quantity than five gallons without having a license so to do, committed as follows: The said E. Braun on the 23d day of May, 1905, at the city of Hastings, in the county of Dakota, and state of Minnesota, did unlawfully and without having any license so to do solicit one Nicholas Webber to contract for the future delivery of spirituous liquors in a less quantity than five gallons, viz.: Did then and there solicit and secure from said Webber a contract for future delivery of two gallons of whiskey, he, the said Nicholas Webber not then and there having a license to keep a dramshop or saloon under the laws of this state and not being a licensed physician or druggist.

The objections to the indictment were that it failed to state whether defendant Braun, or Webber, sustained the relation of seller under the alleged contract for the delivery charged; in that said indictment failed to state whether the crime of which he was accused was committed in his own behalf or as agent for another; and that said indictment as returned was susceptible of double proof, viz., of committing the offense charged in his own behalf or as agent for another, and that therefore said indictment does not specify particularly every element of his supposed crime, necessary under constitutional guaranties.

The indictment charged the defendant with committing the crime of soliciting the sale of spirituous liquors. That is the offense which the statute sought to punish. The wrong is the same whether the party is soliciting for himself or is the agent of the vendor or vendee. It is not essential that the indictment should set forth the details of the transactions complained of. Accordingly the demurrer is not well taken. In view, however, of the general character of the defendant's objections, and especially of his criticism that the indictment sustained would admit of double proof, it seems desirable, in order that doubt may not embarrass the trial, to express the opinion that the state may under that indictment prove any substantial violation of the statute; that is to say,

it may prove an unlawful solicitation either by the person indicted on his own behalf or as the agent for a principal. The only successful defense thereto is the disproof of unlawful solicitation. The fact that the sale had been made by one person as an agent for another would be no defense.

The demurrer accordingly was properly overruled. The case is remanded to the district court for further proceedings in accordance herewith.